FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 0 9 2011

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LOUIS A. MATTHEWS,

                Plaintiff,

        - against -

L & B REALTY ASSOCIATES INC.; COHEN,
HURKIN, EHRENFELD; HON. LAUREL L. LAU,

                Defendants.

-----------------------------------------------------------X

**MEMORANDUM
AND ORDER
11-CV-4989 (ENV)(LB)**

VITALIANO, United States District Judge:

        Plaintiff Louis Matthews filed this action *pro se* on October 12, 2011, challenging his

October 12, 2010 eviction from an apartment at 472 Ocean Parkway, Apartment 1G, Brooklyn,

New York. He states that he was wrongly evicted, his property was damaged when transported

after the eviction, and that the landlord, L & B Realty, wrongly kept interest on his security

deposit. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose

of this order, dismisses the complaint for lack of subject matter jurisdiction, but affords plaintiff

the opportunity to submit an amended complaint as detailed below.

**Standard of Review**

        Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." The Court construes plaintiff's pleadings liberally particularly because

plaintiff is proceeding without counsel and alleges civil rights violations. Erickson v. Pardus,

551 U.S. 89, 94, 127 S. Ct. 2200 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185,

191-93 (2d Cir. 2008).

Nonetheless, plaintiff must still establish that the Court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1785 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp. 546 U.S. 500, 514, 126 S. Ct. 1244 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563 (1999)). "Where jurisdiction is lacking . . . dismissal is mandatory." Manway Constr. Co. Inc. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed. R. Civ. P. 12 (h)(3).

## Background

The following facts are taken from plaintiff's complaint and attached exhibits. Plaintiff, 84 years old at the time of his October 12, 2010 eviction from the apartment in which he and his family had resided for over 35 years, brings this action to contest the eviction and damage to the apartment contents. The eviction proceedings began in 2009 with a notice of termination relating to the apartment's alleged "filthy condition" and resultant "serious roach and bedbug infestation." The Civil Court of the City of New York, County of Kings, Housing Part P, issued its decision after trial, on January 20, 2010, awarding the landlord, L & B Realty Associates, a final judgment of possession and a warrant of eviction. Execution of the warrant was postponed

several times upon representations by plaintiff that the apartment would be cleaned and for the involvement of Adult Protective Services. Plaintiff alleges that his belongings were damaged when removed from the apartment for storage. The complaint is silent as to whether he appealed Housing Court's decision to the Appellate Term.

Plaintiff did file a complaint against the local marshal who executed the warrant for the damage to his property and another with the New York State Division of Human Rights alleging that he was evicted, not for the condition of the apartment, but because of his race/color (Black) and age. By determination dated June 27, 2011, his claim was denied by the New York State Division of Human Rights ("DHR"). The determination stated that plaintiff had 60 days after service of the determination to appeal to Supreme Court in Kings County and that the United States Department of Housing would contact him upon their review of the determination since plaintiff's charge of discrimination was also filed under the Fair Housing Act.[1] It does not appear that plaintiff filed an appeal of the DHR determination. The record is also silent with respect to any action taken by a federal agency.

**Discussion**

First, plaintiff's claims against Judge Lau must be dismissed, as judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir.1994). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity

---

[1]The Fair Housing Act of 1968, as amended by the Fair Housing Act Amendments Act of 1988 "prohibits governmental agencies from implementing or enforcing housing policies in a discriminatory manner." Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir.2003); see also, 42 U.S.C. § 3604.

because the action [she] took was in error . . . or was in excess of [her] authority." Mireles, 502 U.S. at 11 (quotation omitted). See also Montero v. Travis, 171 F.3d 757, 760 (2d Cir.1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Since plaintiff's claims arise from actions taken by Judge Lau in her official capacity as a judge, plaintiff's claims are foreclosed by absolute immunity. Consequently, they are dismissed with prejudice.

Second, while the Court is not unsympathetic to the plight of an evicted octogenarian, it does not have subject matter jurisdiction over state housing law claims, as landlord-tenant relations are a matter of state concern. See, e.g. Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."). In order to challenge the determinations made by Housing Court and/or a state agency, plaintiff's recourse was to file an appeal in the appropriate state court, not a federal action.

Third, this action, as pled, is barred under the Rooker-Feldman doctrine since it is a case "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284, 125 S. Ct. 1521 (2005). While there has been much discussion over the limits of the Rooker-Feldman doctrine, the Supreme Court has held this is precisely the type of case to which the Rooker-Feldman doctrine applies. Id.

In Hoblock v. Albany County Bd of Elections, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the Rooker-Feldman doctrine in light of Exxon: (1) "the

federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted). Plaintiff's complaint satisfies all four factors for the application of the Rooker-Feldman doctrine: (1) Matthews lost in state court; (2) he complains of the injury caused by the state court eviction; (3) Matthews wants this Court to review the state court's process and seeks rejection of its determinations, and (4) the state court determinations in question were rendered before this action was commenced. Accordingly, this Court lacks subject matter jurisdiction to hear this claim.

**Leave to Amend**

Lastly, construing the complaint liberally, plaintiff presents a sliver of hope to state a Fair Housing Act claim. Although plaintiff does not allege any facts that would invoke the Fair Housing Act or even mention the content of his complaint to DHR, a letter from DHR attached to the complaint, Exhibit 14-A, states that his complaint and federal charge to them raised the issues of race and age discrimination.

If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a district court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). In accord with these principles, Matthews is granted leave to amend his complaint against L&B Realty and Cohen, Hurkin, Ehrenfeld to set forth any claim he may have under the Fair Housing Act and to name proper defendants, provided he can in good faith plead facts supporting race and/or age discrimination claims as alluded to in the DHR letter. Conclusions that race or age

motivated defendants are insufficient. The absence of pleaded facts that make such claims plausible rather than merely possible will require dismissal of the amended complaint with prejudice.

## Conclusion

For the reasons stated above, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff is afforded the opportunity to file an amended complaint on or before January 6, 2012. Should plaintiff decide to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. No summons will issue at this time and all further proceedings will be stayed until plaintiff has complied with this Order, but in no event later than January 6, 2012. If plaintiff fails to comply with this Order within the time allowed, judgment will enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 920-21 (1962).

SO ORDERED.

_____
Eric N. Vitaliano
United States District Judge

Dated: Brooklyn, New York
       December 2, 2011